UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
LARRY D. KNOX,                                   :     CASE NO. 1:15-CV-01429
                                                 :
         Plaintiff,                              :
                                                 :
vs.                                              :     OPINION & ORDER
                                                 :     [Resolving Doc. No. 1]
KATHLEEN ORLANDO, *et al.*,                      :
                                                 :
         Defendants.                             :
                                                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Larry D. Knox filed this action under 42 U.S.C. § 1983 against twenty-six Defendants, including the Cuyahoga County sheriff, the former sheriff, four sheriff's deputies, six defense attorneys, four prosecutors, three judges, three court clerks, a bond commissioner, the Ohio Attorney General, and three Cuyahoga County Jail wardens.  In his Complaint and Amended Complaint, Plaintiff appears to challenge his sexual offender classification, his registration requirements and his prosecutions for failing to register.  He asks for monetary damages.

**I.  Background**

Plaintiff was convicted on two counts of gross sexual imposition in 1999, and one count of sexual imposition in 2008.  As a result, he was classified as a sexual predator under Ohio's version of "Megan's Law"[1] and was required to register his residence with the county sheriff every 90 days for life.  In January 2008, Ohio's version of the "Adam Walsh Act" came into

---

[1] Ohio Revised Code § 2950

effect, and Plaintiff was reclassified as a "Tier III" sexual offender. As a Tier III offender, he was still as required to register his address every 90 days. When the Ohio Supreme Court determined the portion of the "Adam Walsh Act" pertaining to offenders already classified under "Megan's Law" was unconstitutional, the Lorain County Court of Common Pleas reinstated his prior "Megan's Law" classification on February 10, 2011, but inadvertently listed him as a sexually oriented offender instead of a sexual predator. Sexually oriented offenders are required only to register annually. More than a year later, on April 3, 2012, the court corrected the clerical error clarifying that Plaintiff was classified as a sexual predator.

Plaintiff was arrested at least three times for failing to register. Due to the confusion over which registration requirements applied, the charges were dismissed each time. After the last dismissal, Plaintiff was instructed to register as a sexual predator.

While the Complaint and Amended Complaint are quite lengthy, they are composed only of fragmented arguments, and random, unrelated legal statements. Reading these fragmented arguments in light of Plaintiff's criminal history, it appears he is objecting to his reclassification as a sexual predator, as well as to his arrests and prosecutions for failing to register. He contends he should be classified as a sexually oriented offender and believes he is only required to register annually rather than every 90 days. He claims the Defendants misled and gave false testimony to the grand jury, made unfair decisions in the course of his prosecutions, unfairly applied the law, deprived him of his "right to be left alone", and unlawfully prosecuted him. He seeks monetary damages.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can

be granted, or if it lacks an arguable basis in law or fact. A claim lacks an arguable basis in law or fact when it is based on a meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain sufficient facts to demonstrate the Plaintiff has a plausible claim for relief.[3] In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.

### III. Analysis

The four prosecutors, three judges, and three court clerks are immune from suits for damages. Judges have absolute immunity from suit when the claims against them are based on conduct they performed when acting as judges, as long as their actions were within the broad subject matter jurisdiction of the court.[4] Prosecutors also have absolute immunity from suits that are based on their actions in bringing charges against a Defendant and presenting the state's case.[5] Court clerks have absolute immunity when they perform tasks that are important to the functioning of the court.[6] The limited information in Plaintiff's Complaint suggests he is objecting to the prosecutors' decisions to prosecute him for failing to register, to the decisions of the judges who presided over his cases, and to the way in which his cases were handled in

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[4] *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

[5] *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

[6] *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988).

general. Without more information, these allegations describe actions for which the judges, prosecutors and court clerks are absolutely immune from suit.

Plaintiff's claims against Deputies Orlando and Harris appear to be based, at least in part, on testimony they gave to the grand jury. A grand jury witness has absolute immunity from any civil rights claim based on their testimony.[7] To the extent the claims against these Defendants were based grand jury witness testimony, the Defendants are immune.

Plaintiff also brings claims against private attorneys and public defenders. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege the Defendants were state government officials and that they violated his constitutional rights.[8] Public defenders and court-appointed defense attorneys are not considered state government officials for purposes of § 1983.[9] Plaintiff cannot bring claims against these Defendants.

The nature of the claims against the remaining Defendants is not discernable. Although the Court does not hold *pro se* filings to the same standards as those filed by attorneys, there are limits to what the Court can do to interpret a *pro se* Complaint.[10] The Complaint must allege enough facts to give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which each claim rests.[11] District courts cannot conjure up claims never squarely

---

[7]  *Rehberg v. Paulk*, ⸺ U.S. ⸺, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012).

[8]  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

[9]  *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

[10]  See *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

[11]  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

presented to them or to construct full blown claims from sentence fragments.[12]  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."[13]  Even liberally construed, Plaintiff's Complaint fails to state a claim upon which relief may be granted against the remaining Defendants.

### IV. Conclusion

Accordingly, this action is dismissed under section 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[14]

IT IS SO ORDERED.

Dated: December 10, 2015                 *s/      James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[12]  *Beaudett*, 775 F.2d at 1278.

[13]  *Id.*

[14]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.